1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT WADE SMITH,<br><br>                              Petitioner,<br><br>     vs.<br><br>JAMES E. TILTON,[1] Secretary,<br><br>                              Respondent. | CASE NO. 05-CV-2021 H (POR)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION** |

Petitioner Scott Wade Smith is a state prisoner proceeding pro se.  He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 26, 2005. (Doc. No. 1.)  Following an order of dismissal because Petitioner had named the improper defendant, Petitioner filed a first amended petition on December 21, 2005. (Doc. No. 5.)  In his petition, Petitioner challenges his conviction in the San Diego Superior Court for committing a lewd act upon a child under the age of 14 following a guilty plea.  Respondent filed an answer to the petition on April 4, 2006.  (Doc. No. 10.)  On May 22, 2006, Petitioner filed a traverse.  (Doc. No. 17.)  Magistrate Judge Porter issued a Report and Recommendation on October 17, 2006 recommending that

---

[1] The Court sua sponte substitutes James E. Tilton, the current Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), as Respondent in place of Jeanne Woodford, the former Director of the CDCR's predecessor, the California Department of Corrections.

1   the Court deny Petitioner's writ for habeas corpus relief.  (Doc No. 18.)  Petitioner filed

2   objections to the Report and Recommendation on November 28, 2006.  (Doc. No. 21.)

3   Respondent has not filed a reply to Petitioner's objections.

4        After  careful  consideration,  the  Court  **ADOPTS**  the  Report  and

5   Recommendation and **DENIES** the petition with prejudice.

6                              <u>**Background**</u>

7        On September 4, 2002, the San Diego County District Attorney filed a third

8   amended information charging Petitioner with 12 counts.  (Lodgment 1 at 21-29.)  In

9   counts 1 through 9, Petitioner was charged with committing a lewd act upon a child

10  under the age of fourteen in violation of California Penal Code § 288(a).  The victim

11  in those counts was Heather O, the eleven year old daughter of Petitioner's girlfriend.

12  Similarly, counts 11 and 12 charged Petitioner with committing a lewd act upon a child

13  under the age of fourteen in violation of § 288(a).  The victim in those two counts was

14  Sierra O., the nine year old daughter of Petitioner's girlfriend.  Finally, count 10

15  charged Petitioner with providing harmful matter with the intent of seducing a minor

16  in violation of California Penal Code § 288.2(a).

17       With regard to each of the lewd act counts, the information also alleged that: (1)

18  Petitioner had previously been convicted of a violation of Penal Code § 288(b) within

19  the meaning of Penal Code § 667.61(a)(c)(d); (2) Petitioner's crimes involved more

20  than one victim within the meaning of Penal Code § 667.61(b)(c)(e); and (3) Petitioner

21  had previously been convicted of a violation of Penal Code § 288(a) making him a

22  habitual  sexual  offender  within  the  meaning  of  Penal  Code  § 667.71(a).   The

23  information also alleged that: (1) Petitioner was previously convicted of a violent

24  felony within the meaning of Penal Code § 667.5(a); (2) Petitioner was previously

25  convicted of two serious felonies within the meaning of Penal Code §§ 667(a)(1), 668,

26  and 1192.7(c); and (3) Petitioner had two "strike priors" pursuant to Penal Code

27  § 667(b) through (i), § 1170.12, and § 668.

28       On September 5, 2002, Smith pleaded guilty to count one of the information and

1  admitted two prior convictions in return for a dismissal of the remaining counts and a

2  stipulated sentence of 25 years to life. (Lodgment 1 at 65-67 (guilty plea initialed and

3  signed by Petitioner); Lodgment 2 at 33-39 (plea colloquy).)

4      Petitioner appealed his conviction to the California Court of Appeal.   His

5  appointed attorney filed a brief in accord with the procedures set forth in People v.

6  Wende, 25 Cal. 3d 436 (1979). (Lodgment 3.)  In the brief, appellate counsel provided

7  the procedural and factual background but raised no specific issues.  (Id.)   Further,

8  appellate counsel indicated under oath that he had corresponded with Petitioner and

9  advised him that, after reviewing the record, no appealable issues were present in his

10  case.  (Id.)  He also indicated that he was not requesting to be relieved as counsel, but

11  that he would withdraw upon request by Petitioner.  (Id.)  Upon receipt of appellate

12  counsel's Wende brief, the Court of Appeal notified Petitioner that he could file any

13  supplemental brief deemed necessary.  (Lodgment 4.) Petitioner filed a response in

14  which he stated that he was waiving his right to file a supplemental brief, but wanted

15  to make a record as to why he was waiving his right. (Lodgment 5.) Petitioner claimed

16  that his appellate counsel had the only copy of the trial record, and further, that

17  California's prohibition on raising issues on collateral review that had previously been

18  raised in a direct appeal violated his due process rights. (Id.)  Additionally, Petitioner

19  asserted that his appellate counsel was ineffective for filing a Wende brief because he

20  had failed to argue that: (1) Petitioner's guilty plea was coerced; (2) trial counsel was

21  incompetent; (3) the trial court failed to hold an evidentiary hearing or Marsden[2]

22  hearing regarding Petitioner's request to withdraw his guilty plea; (4) the guilty plea

23  was not knowing, voluntary, and intelligent; and (5) the factual basis for his plea was

24  insufficient.  (Id.)  Finally, Petitioner asserted that appellate counsel should have filed

25  a habeas corpus petition in conjunction with the appeal.  (Id.)  On February 25, 2004,

26  the California Court of Appeal affirmed Petitioner's conviction in a written decision.

27

28      [2] In People v. Marsden, the California Supreme Court held that the trial court erred in failing to allow defendant to present his reasons for seeking to have court appointed counsel removed.  2 Cal. 3d 118 (1970).

(Lodgment 6.)  Petitioner did not file a direct appeal in the California Supreme Court.

On March 25, 2004, Petitioner filed a habeas petition in the San Diego Superior Court.  (Lodgment 7.)  The Superior Court denied the petition in a written opinion on May 26, 2004.  (Lodgment 8.)  On August 24, 2004, Petitioner filed a habeas corpus petition and request for evidentiary hearing in the California Court of Appeal. (Lodgment 9.)  That petition raised the same claims Petitioner raises in his federal habeas corpus petition.  (Id.)  On September 21, 2004, the Court of Appeal denied the petition in a written decision.  (Lodgment 10.)  Finally, on October 24, 2004, Petitioner filed a petition seeking habeas corpus in the California Supreme Court raising the same issues he does in his federal petition.  (Lodgment 11.)  On September 21, 2005, the California Supreme Court denied the petition without citation of authority.  (Lodgment 12.)

Petitioner filed his first amended petition in this Court on December 21, 2005.

## Standards of Review

### A.      Standard of Review of Magistrate Judge's Report and Recommendation

The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  If a party objects to any portion of the report, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." Id.  The Court reviews de novo the magistrate judge's conclusions of law.  Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983) overruled on other grounds by United States v. Reyna-Tapia, 328 F.3d 1114, 1121-22 (9th Cir. 2003).

### B.      Scope of Review for 28 U.S.C. § 2254 Petitions

28 U.S.C. § 2254(a) sets forth the following scope of review for federal habeas corpus petitions:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

1    Moreover, this action is governed by the Anti-Terrorism and Effective Death Penalty

2    Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  Under 28 U.S.C.

3    § 2254(d), as amended by the AEDPA:

4

5        An application for a writ of habeas corpus on behalf of a person in
         custody pursuant to the judgment of a State court shall not be granted with
6        respect to any claim that was adjudicated on the merits in State court
         proceedings unless the adjudication of the claim–
7            (1) resulted in a decision that was contrary to, or involved an
             unreasonable application of, clearly established Federal law, as
             determined by the Supreme Court of the United States; or
8            (2) resulted in a decision that was based on an unreasonable
             determination of the facts in light of the evidence presented in the
9            State court proceeding.

10       A state court's decision may be found "contrary to" clearly established Supreme

11   Court precedent: "(1) if the state court applies a rule that contradicts the governing law

12   set forth in [the Court's] cases or (2) if the state court confronts a set of facts that are

13   materially indistinguishable from a decision of [the] Court and nevertheless arrives at

14   a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-

15   06 (2000).  A state court decision may involve an "unreasonable application" of clearly

16   established federal law, "if the state court identifies the correct governing legal rule

17   from [the Supreme] Court's cases but unreasonably applies it to the facts of the

18   particular state prisoner's case." Id. at 407.  Alternatively, an unreasonable application

19   may be found "if the state court either unreasonably extends a legal principle from

20   [Supreme Court] precedent to a new context where it should not apply or unreasonably

21   refuses to extend that principle to a new context where it should apply." Id.

22       "[A] federal habeas court may not issue the writ simply because the court

23   concludes in its independent judgment that the relevant state-court decision applied

24   clearly established federal law erroneously or incorrectly . . . .  Rather, that application

25   must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)

26   (internal quotation marks and citations omitted).  "[S]o long as neither the reasoning

27   nor the result of the state-court decision contradicts [Supreme Court precedent,]" the

28   state court decision will not be "contrary to" clearly established federal law. Id.

1    Habeas relief is also available if the state court's adjudication of a claim

2    "resulted in a decision that was based on an unreasonable determination of the facts in

3    light of the evidence presented in state court." 28 U.S.C. § 2254(d)(2).  In order to

4    satisfy this provision, Petitioner must demonstrate that the factual finding upon which

5    the state court's adjudication of his claim rests, assuming it rests on a factual

6    determination, is objectively unreasonable.  Miller-El, 537 U.S. at 340 (2003).

7    Where the state's highest court did not provide a reasoned decision, the district

8    court "looks through" to the underlying appellate court decision.  Ylst v. Nunnemaker,

9    501 U.S. 797, 801-06 (1991).  If the dispositive state court order does not "furnish a

10    basis for its reasoning," federal habeas courts must conduct an independent review of

11    the record to determine whether the state court's decision is contrary to, or an

12    unreasonable application of, clearly established Supreme Court law.  See Delgado v.

13    Lewis, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by Lockyear,

14    538 U.S. at 75-76); Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  A state

15    court need not cite to Supreme Court precedent in ruling on a habeas corpus petition.

16    Early v. Packer, 537 U.S. 3, 8 (2002).  Indeed, the state court need not even be aware

17    "of [Supreme Court] cases, so long as neither the reasoning nor the result of the

18    state-court decision contradicts them."  Id.

19    **Analysis**

20    In his Petition, Smith makes three contentions.  First, he alleges that his trial

21    counsel rendered ineffective assistance, which violated his Sixth Amendment right to

22    counsel.   Second, Petitioner alleges that the trial court violated his Fourteenth

23    Amendment right to due process and his Sixth Amendment right to a fair trial by failing

24    to ensure that his guilty plea was entered knowingly, voluntarily, and intelligently, by

25    failing to ensure that his guilty plea was supported by a factual basis, by admitting facts

26    of his prior conviction under California Penal Code § 1108, and by failing to address

27    properly his motion to withdraw his guilty plea.  Third, Petitioner asserts that his

28    appellate counsel provided ineffective assistance, which violated his Sixth Amendment

1  right to counsel.  In response, Respondent contends that the state courts' resolution of

2  Petitioner's claims was neither contrary to, nor an unreasonably application of, clearly

3  established Supreme Court law.  Further, Respondent argues that Petitioner's challenge

4  to the validity of his prior conviction is barred.

5  **A.     Ineffective Assistance of Trial Counsel**

6          Petitioner challenges his trial counsel's performance on several grounds.  He

7  raised all of these same arguments in his habeas petition to the California Supreme

8  Court, which denied the claims without citing to authority.  (See Lodgments 11, 12.)

9  Accordingly, this Court must look through to the last reasoned state court decision on

10  these issues.  Ylst, 501 U.S. at 801-06.  Examining the California appellate court

11  opinion, however, that court only addressed Petitioner's claims that his trial counsel

12  was ineffective because he did not challenge the validity of the prior sexual misconduct

13  conviction or the evidentiary ruling finding evidence of the earlier crimes admissible.

14  (Lodgment 10 at 1-2.)  As to Petitioner's other claims, the Court must look through to

15  the Superior Court's opinion denying the claims or itself conduct a de novo review of

16  the claims.  See Ylst, 501 U.S. at 801-06; Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th

17  Cir. 2002) (holding that "when it is clear that a state court has not reached the merits

18  of a properly raised issue," the federal habeas court must review it de novo.), cert.

19  denied, 539 U.S. 916 (2003).

20          Pursuant to the Sixth Amendment and the Fourteenth Amendment Due Process

21  Clause, a person accused of a state or federal crime has the right to the assistance of

22  counsel to ensure a fair trial, and "the right to counsel is the right to the effective

23  assistance of counsel."  Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting

24  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)).  In Strickland, the Supreme

25  Court set forth a two-part test for evaluating ineffective assistance of counsel claims.

26  First, "the defendant must show that counsel's representation fell below an objective

27  standard of reasonableness."  Id. at 688.  Second, "any deficiencies in counsel's

28  performance must be prejudicial to the defense in order to constitute ineffective

assistance under the Constitution." Id. at 692. "Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense." Id. at 693.

When assessing counsel's performance pursuant to the first prong of the Strickland test, courts must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Courts must not second-guess counsel's trial strategy, as "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." Strickland, 466 U.S. at 689. When challenging counsel's performance in the context of a guilty plea, a petitioner can only establish prejudice by showing "a reasonable probability that, but for counsels' errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### 1. Failure to Challenge the Prior Molestation Conviction

Petitioner argues that his trial counsel should have challenged the validity and admissibility in his later trial of Petitioner's prior sexual misconduct conviction.

Petitioner was convicted in 1987 on one count of committing a lewd act upon a child under the age of fourteen in violation of California Penal Code § 288(a) and on one count of committing a forcible lewd act upon a child younger than fourteen years old in violation of California Penal Code § 288(b). (Lodgment 1 at 80.) The victim in the 1987 case was Sarah O., the seven year old daughter of Petitioner's girlfriend at the time. (Id. at 55.) The prosecutor in Petitioner's current case intended to introduce the facts surrounding the prior conviction through the testimony of Sarah O. pursuant to California Evidence Code § 1108(a), which allows the prosecution to introduce evidence of prior sexual offenses as long as the evidence is more probative than prejudicial under California Evidence Code § 352. (Lodgment 2 at 1-2.)

Petitioner's attorney objected to the admissibility of this evidence on several grounds, including that he could not cross examine Mary Staples, the detective to whom Sarah O. first made the abuse allegations. (Lodgment 2 at 5-8.) Sarah O.

initially denied that Petitioner molested her, but after Staples visited her in foster care, took her out to lunch, and bought her a toy tea set in an attempt to gain her confidence, Sarah O. told Staples that Petitioner had molested her.  (Id.)  Sarah O. also later disclosed the molestation to a Child Protective Services employee, Terry Cavanaugh, during videotaped interviews.  (Id. at 8.)  Petitioner's trial counsel attempted to obtain the videotapes, but they could not be located.  (Id. at 7.)  Petitioner's counsel also tried to subpoena Staples, but she could not testify because she suffered a stroke or similar medical condition that left her unable to speak.  (Id. at 7-8.)  Petitioner's counsel argued that the evidence was inadmissible because it was more prejudicial than probative and because he would not be able to effectively cross examine on these issues.  (Id. at 8.)

The prosecutor argued that Petitioner had suffered no prejudice from the absence of Staples and the videotape because the defense would be able to present the impeachment evidence to the jury through the testimony of Cavanaugh, who also interviewed Sarah O. and was aware that she denied the molestation at first.  (Id. at 8-9.)  Further, Cavanaugh would be subject to cross examination regarding his interview of Sarah O., and the prosecution agreed to stipulate to everything contained in Staples' report and to Staples' purchase of the tea set for Sarah O.  (Id.)

The trial judge ruled that the evidence was admissible.  (Id. at 10-11.)  The judge noted that the prosecutor agreed to accept everything contained in Staples' report, that Sarah O.'s proposed testimony was less severe than that to be presented by other witnesses regarding Petitioner's present case, and that the prior acts were not too remote in time, especially given that Petitioner spent a large portion of the time since his last conviction in prison.  (Id.)  Petitioner alleges that his trial counsel was ineffective in several ways.

/ / /

/ / /

/ / /

1  **a.    Failure to File Discovery Motions Regarding Exculpatory or**

2  **Impeachment Evidence**

3        Petitioner argues that his trial counsel should have filed a motion pursuant to

4  Pitchess v. Superior Court, 11 Cal. 3d 531 (1974), and Brady v. Maryland, 373 U.S. 83,

5  87 (1963), to discover any exculpatory or impeachment evidence that "reasonably may

6  exist" showing that Staples previously bribed or coerced victims to falsely claim sexual

7  abuse.  Petitioner asserts that this evidence would have allowed him to cast doubt on

8  the validity of his prior conviction for molesting Sarah O., which consequently would

9  have provided a stronger defense to the current charges.  The state appellate court did

10 not address this claim in its opinion denying habeas relief.  (See Lodgment 10.)

11 Accordingly, looking through to the Superior Court's decision, that court denied the

12 claim, citing Garcia v. Superior Court, 14 Cal. 4th 953, 963 (1997), and stating that

13 Petitioner was precluded under California law from collaterally challenging his prior

14 conviction based on ineffective assistance of counsel.  (Lodgment 8 at 2-3.).

15        In Garcia, the California Supreme Court concluded that a California defendant

16 had no independent state constitutional right to challenge a prior conviction used to

17 enhance a state sentence except on the ground of an absolute denial of counsel.  The

18 court relied largely on the United States Supreme Court's decision in Custis v. United

19 States, 511 U.S. 485, 490-97 (1994), in which the Court similarly held that, absent a

20 violation of the right to appointed counsel, the federal sentencing forum did not

21 provide a means of gaining collateral review of earlier state convictions used to

22 enhance a federal sentence.

23        Here, however, Petitioner did not seek to attack his prior conviction in a state

24 sentencing proceeding.   Instead, he claims that his trial counsel provided

25 constitutionally ineffective assistance by failing to file motions pursuant to Pitchess

26 and Brady in an attempt to discover any exculpatory or impeachment material

27 regarding Staples. As to this inquiry, the standards set forth in Strickland, rather than

28 Garcia, control.  Nevertheless, a state court need not cite the appropriate United States

1  Supreme Court authority in resolving a habeas corpus petition.  As the Supreme Court
2  has noted, a state court need not cite to, or even be aware of, Supreme Court precedent
3  "so long as neither the reasoning nor the result of the state-court decision contradicts
4  them." Early, 537 U.S at 8.  Accordingly, this Court must determine whether the state
5  court's decision was contrary to the law set forth in Strickland.

6        Under Strickland, the Court must be "highly deferential" and "indulge a strong
7  presumption that counsel's conduct falls within the wide range of reasonable
8  professional assistance."  Id. at 689.  Here, Petitioner has not indicated that trial
9  counsel acted unreasonably.  Rather, counsel may have reasonably decided, given that
10  Petitioner was convicted by a jury of the prior molestation charges, that attacking the
11  veracity of the previous victim, Sarah O., was a poor strategy that could alienate jurors
12  in the present case.  Further, Petitioner has not shown that any useful information
13  would have been found in Staples' personnel file or that the prosecution failed to
14  disclose any exculpatory materials.  Rather, he merely speculates that such evidence
15  "may exist."  Further, Petitioner has not made any showing that he was prejudiced by
16  any error by his trial counsel.

17              **b.    Failure to Collaterally Attack Prior Molestation Conviction**

18        Next, Petitioner argues that trial counsel should have collaterally attacked his
19  prior conviction by filing a petition for either a writ of habeas corpus or coram nobis.
20  Petitioner states that, although convicted by a jury, he was innocent of the earlier
21  charges.  Petitioner states that trial records were destroyed, and although his trial
22  counsel had a report regarding Staples activities leading up to Sarah O.'s statement,
23  trial counsel should have conducted further investigation.  Further, Petitioner argues
24  that newly discovered exculpatory evidence may have existed.

25        The Superior Court explicitly addressed Petitioner's claim that his trial counsel
26  should have challenged the prior molestation conviction by seeking a writ of habeas
27  corpus or coram nobis.  Citing Garcia, the court first noted that Petitioner could not
28  challenge the prior convictions based on ineffective assistance of counsel. (See

1   Lodgment 8 at 2.)  The court also stated that, even had trial counsel sought a writ

2   regarding the earlier conviction, any petition probably would have been barred as

3   untimely because Petitioner likely could not have established good cause for the delay

4   in seeking a writ. (Id. at 2-3.)  Moreover, the court noted that Petitioner was no longer

5   in custody for the prior conviction, and thus, the trial court would have lacked

6   jurisdiction to entertain a proposed petition collaterally attacking the prior conviction.

7   (Id. at 3.)  Accordingly, the Superior Court concluded that Petitioner had not shown

8   facts indicating that trial counsel rendered ineffective assistance.

9          As above, although the Superior Court cited Garcia, the standards set forth in

10  Strickland govern this claim of ineffective assistance of trial counsel.  Evaluating

11  Petitioner's claim, he has not established either Strickland prong.  First, other than

12  speculating as to evidence that may have been found, Petitioner has not provided any

13  basis upon which trial counsel could have mounted a challenge to the prior conviction.

14  Second, the state and federal courts likely would have lacked jurisdiction over any

15  habeas challenges, as Petitioner was not "in custody" for the prior conviction.  See,

16  e.g., Zichko v. Idaho, 247 F.3d 1015, 1019 (9th Cir. 2001) (merely being subject to sex

17  offender registry requirements does not satisfy the "in custody" requirement following

18  release from incarceration).  Third, Petitioner has not provided any grounds tending to

19  show that he would have been entitled to coram nobis relief.  See, e.g., People v.

20  Shipman, 62 Cal. 2d 226, 230 (1965) (coram nobis relief available only if petitioner

21  meets three requirements: (1) petitioner shows that some fact existed that was not

22  presented at trial through no fault of petitioner, and the fact would have prevented entry

23  of judgment; (2) petitioner shows that newly discovered evidence does not go to the

24  issues actually tried because issues of fact, even if incorrect, cannot be reopened; and

25  (3) petitioner shows that the facts upon which he relies were not and could not have

26  been discovered at any time substantially earlier than at the time of the motion for the

27  writ); People v. Carty, 110 Cal. App. 4th 1518,  1523 n.4 (Ct. App. 2003) (same).  In

28  sum, Petitioner has not shown that trial counsel rendered ineffective assistance under

1   <u>Strickland</u> by failing to collaterally attack the prior molestation conviction.

2                  **c.**      **Failure to Move to Exclude Prior Conviction on the Ground of**

3                           **Lost Impeachment Evidence**

4   Petitioner argues that his trial attorney should have moved to "dismiss" or

5   exclude the 1987 conviction because material related to the conviction, videotapes of

6   Cavanaugh's interviews of Sarah O. and other trial records were unavailable.  The

7   Superior Court cited <u>Garcia</u> and concluded that Petitioner could not collaterally attack

8   his prior conviction based on ineffective assistance of counsel.  (<u>See</u> Lodgment 8 at

9   2-3.)

10   Here, Petitioner is not collaterally challenging a prior conviction during a

11   sentencing proceeding.  Rather, he alleges that his trial attorney was ineffective for

12   failing to argue that the prior conviction was inadmissible during trial because possible

13   exculpatory or impeachment evidence had been destroyed.  As noted, <u>Strickland</u>, rather

14   than <u>Garcia</u>, controls Petitioner's claim of ineffective assistance of his trial counsel.

15   Under <u>Brady</u>, "suppression by the prosecution of evidence favorable to an

16   accused upon request violates due process where the evidence is material either to guilt

17   or to punishment, irrespective of the good faith or bad faith of the prosecution."  373

18   U.S at 87.  In <u>United States v. Bagley</u>, the Supreme Court extended the rule in <u>Brady</u>

19   to include impeachment evidence.  473 U.S. 667, 676 (1985).  To establish a

20   <u>Brady</u>/<u>Bagley</u> violation, Petitioner must prove three elements: (1) the evidence was

21   suppressed by the prosecution, either willfully or inadvertently; (2) the evidence was

22   either exculpatory or impeachment material; and (3) the evidence was material or

23   prejudicial to the defense.  <u>See, e.g.</u>, <u>Benn v. Lambert</u>, 283 F.3d 1040, 1052-53 (9th

24   Cir. 2002).  "Evidence is deemed prejudicial, or material, only if it undermines

25   confidence in the outcome of the trial."  <u>Id.</u> at 1053.  "Moreover, we analyze all of the

26   suppressed evidence together, using the same type of analysis that we employ to

27   determine prejudice in ineffective assistance of counsel cases."  <u>Id.</u>

28   Petitioner has not established that his trial counsel's failure to explicitly

challenge admission of evidence related to the prior conviction on the grounds that exculpatory or impeachment evidence related to the prior conviction had been destroyed fell below an objective standard of reasonableness or that he was prejudiced by any alleged error. <u>Strickland</u>, 466 U.S. at 688. Petitioner's attorney vigorously objected to the admission of the prior conviction evidence on the ground that his cross examination would be hindered. (<u>See</u> Lodgment 2 at 7-8.) Moreover, Petitioner presents no evidence that the prosecution suppressed any evidence, but even if it had, Petitioner has not established that trial records or Staples' testimony would be "material" or "prejudicial" under <u>Brady</u> because the evidence Petitioner sought to present through these materials could have been presented in other ways. Both Sarah O. and Cavanaugh, who interviewed Sarah O. on the tapes and who was aware that Sarah O. first denied the molestation, were going to be witnesses and would be subject to cross examination. Further, the prosecutor agreed to stipulate to everything in Staples' report, as well as to Staples purchase of the tea set for Sarah O. prior to her disclosures of molestation. In sum, Petitioner has not shown that he suffered any prejudice from his trial counsel's decision.

### 2.    Failure to Move to Dismiss Under California Penal Code § 995

Next, Petitioner asserts that trial counsel should have filed a motion pursuant to California Penal Code § 995 and argued that Petitioner had an alibi for the dates on which some of the offenses were allegedly committed. Petitioner raised this claim in all three state habeas corpus petitions, but none of the courts addressed the claim. Therefore, this Court conducts a de novo review of the claim. <u>Pirtle</u>, 313 F.3d at 1167.

In California, the government may proceed against a defendant either by complaint or by indictment. <u>See</u> Cal. Constl. art. I, § 14. If a complaint is filed, the defendant is entitled to a preliminary hearing at which the prosecution must establish probably cause that the defendant is guilty of the crimes with which he is charged. Cal. Penal Code § 872. If the government establishes probable cause, the defendant is bound over for trial. A defendant may challenge this finding by filing a motion to

dismiss some or all of the counts under California Penal Code § 995 on the grounds that he was illegally committed by the magistrate or that he was committed without probably cause.  Cal. Penal Code § 995.  Here, however, because Petitioner waived his right to a preliminary hearing, counsel could not have filed a § 995 motion challenging the preliminary hearing proceedings.  (See Lodgment 1 at 95.)  Petitioner does not allege that his attorney was ineffective for inducing his to waive his right to a preliminary hearing.  In sum, trial counsel's failure to file a § 995 motion did not fall below an objective standard of reasonableness.  See Strickland, 466 U.S. at 688.

**3.    Failure to Request Jury Trial to Determine Whether Prior Convictions Were Serious or Violent Felonies Under the Three Strikes Law**

Petitioner argues that, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), his trial attorney should have moved for a jury trial to determine the validity of his prior convictions for use in enhancing his penalty.  Petitioner raised this claim in all three state petitions, but none of the courts addressed the contention.  Accordingly, this Court must conduct a de novo review of the claim.  Pirtle, 313 F.3d at 1167.

Apprendi specifically excludes prior convictions from its requirements that any fact increasing the penalty for a crime above the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  530 U.S. at 490.  In Boyd v. Newland, 455 F.3d 897, 909 (9th Cir. 2006), the Ninth Circuit recognized Apprendi's prior conviction exception, and noted that the exception "encompasses only those proceedings that provide a defendant with the procedural safeguards of a jury trial and of proof beyond a reasonable doubt."  Petitioner has already had a jury trial on the prior sexual misconduct offenses, and a jury found Petitioner guilty.  Apprendi does not entitle Petitioner to a second jury trial as to those prior offenses.  Consequently, under Strickland, Petitioner has not shown that trial counsel's failure to move for a jury trial on the validity of the prior convictions fell below an objective standard of reasonableness or that he suffered prejudice from counsel's alleged error.

1
2

**4.    Failure to Conduct Sufficient Investigation and Interviews with Petitioner**

3   Next, Petitioner contends that trial counsel failed to spend sufficient time
4   interviewing him "to gain an understanding of the factual issues pertaining to the case."
5   Petitioner raised this claim in all three state habeas petitions, but none of the courts
6   addressed this claim.  Therefore, the Court conducts a de novo review.  Pirtle, 313 F.3d
7   at 1167.

8   The Supreme Court in Strickland stated that trial "counsel has a duty to make
9   reasonable investigations or to make a reasonable decision that makes particular
10  investigations unnecessary."  466 U.S. at 691.  Petitioner has not established that his
11  trial attorney failed to investigate sufficiently the facts or interview him about the case.
12  Instead, he simply asserts that his attorney did not spend sufficient time interviewing
13  him or investigating.  Contrary to this assertion, however, Petitioner suggests in his
14  petition that he had several conversations with counsel, as he notes that he "repeatedly
15  asked Attorney Wolfe to try in some way to challenge the two prior strikes."  Further,
16  Petitioner stated in open court that he had been provided with enough time to discuss
17  his case with his attorney.  (See Lodgment 2 at 37.)  Moreover, Petitioner has not
18  established any prejudice due to any alleged error by counsel.  He has not indicated
19  what additional information would have been gained by additional interviews and
20  investigation, and he has not indicated what viable defenses he lost as a result of
21  counsel's actions.  In short, his conclusory assertions do not meet either prong of the
22  Strickland standard.

23  **5.    Failure to Request a Jury Determination as to Whether Smith Fell
24        Within the Three Strikes Law**

25   Petitioner states that his trial attorney rendered ineffective assistance because
26  he did not request a jury trial as to whether Petitioner's prior and current offenses fell
27  within "the Spirit Of The Three Strikes Law."  Again, Petitioner raised this claim in his
28  prior state habeas petitions, but none of the courts addressed this issue.  Accordingly,

the Court conducts a de novo review of the claim.  Pirtle, 313 F.3d at 1167.

Petitioner has not identified, however, and the Court has not located, any federal or California authority providing for a jury determination as to whether current and prior offenses fall within "the spirit" of the three strikes law.  Therefore, Petitioner has not established that trial counsel's failure to request a jury trial as to this question fell below an objective standard of reasonableness or that he suffered prejudice from any such failure.  Strickland, 466 U.S. at 488-97.

### 6.    Coerced Guilty Plea

Next, Petitioner states that his trial counsel coerced him into pleading guilty by his failure to prepare for trial and file appropriate pretrial motions.  The state appellate court addressed this claim in denying Petitioner's state habeas petition.  That court stated:

> Smith claims his guilty plea was coerced.  The reporter's transcript of the change of plea hearing conducted on September 5, 2002, reflects Smith understood the proceedings and when asked by the court if he "had enough time to talk about this with various parties and make your own decision as to what is the right thing to do," Smith replied "Yes" and said he wanted to continue with the guilty plea.

(Lodgment 10 at 2.)

As the Supreme Court explained in Strickland, a convicted defendant making an ineffective assistance claim "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  466 U.S. at 490.  Further, the court should keep in mind that trial counsel's function "is to make the adversarial testing process work in the particular case.  At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Id.

Here, Petitioner has not pointed to any evidence showing that his trial counsel failed to prepare for trial or file appropriate pretrial motions.  Looking at the record in this case, counsel filed a motion to exclude the prior conviction, he filed a trial brief

1    in which he brought six motions in limine seeking to exclude various pieces of

2    evidence, and he vigorously argued the merits of the motions.  (Lodgment 1 at 34-51,

3    61-64; Lodgment 2 at 1-32.)   Further, counsel investigated the circumstances

4    surrounding the prior conviction, including by subpoenaing the two individuals who

5    interviewed the victim in the prior case.  In sum, Petitioner has not established that trial

6    counsel's actions fell below an objective standard of reasonableness.

7        Additionally, Petitioner has not established how any of counsel's alleged errors

8    caused him prejudice.  Other than matters discussed in this order, he has not indicated

9    what facts his counsel failed to discover, what pretrial motions he failed to file, and

10   what possible defenses Petitioner lost as a result of his attorney's actions.  Rather,

11   Petitioner's main complaint seems to be that, after losing the motion to exclude

12   evidence of the prior conviction, his lawyer advised him that his chances of acquittal

13   were very small.  "Mere advice or strong urging by third parties to plead guilty based

14   on strength of the state's case does not constitute undue coercion."  Iaea v. Sunn, 800

15   F.2d 861, 867 (9th Cir. 1986).

16       In sum, Petitioner has not established that the state court's denial of his

17   ineffective assistance of trial counsel claims was contrary to, or an unreasonable

18   application of, clearly established Supreme Court law.  See Williams, 529 U.S. at

19   412-13.

20   **B.    Alleged Trial Court Errors**

21       Petitioner argues that the trial court committed several constitutional errors.  He

22   claims that the trial court failed to establish a sufficient factual basis for the plea,

23   improperly imposed a $10,000 restitution fine, improperly admitted his prior sexual

24   misconduct conviction, and violated Petitioner's due process rights when it appointed

25   substitute counsel to investigate and report back to the court regarding whether

26   Petitioner had a valid basis on which to withdraw the guilty plea.  In response,

27   Respondent contends that the state court's denial of these claims was neither contrary

28   to, or an unreasonable application of, clearly established Supreme Court precedent.

1. **Failure to Establish Sufficient Factual Basis for Guilty Plea**

Petitioner argues that the trial court erred by failing to ensure that there was a sufficient factual basis for his guilty plea. The last reasoned state court decision addressing this claim is the state appellate court's order denying Petitioner's direct appeal. (Lodgment 6 at 5-6.) The appellate court concluded that the admissions in the guilty plea form provided an adequate factual basis for Petitioner's plea.

"The [federal] due process clause does not impose on a state court the duty to establish a factual basis for a guilty plea absent special circumstances." <u>Rodriguez v. Ricketts</u>, 777 F.2d 527, 528 (9th Cir. 1985) (citing cases). Special circumstances include protestations of innocence during the plea. <u>Id.</u> Here, while Petitioner now claims that he is innocent of the crimes to which he pleaded guilty, he did not do so at the time of the plea. Rather, he stated in open court and under penalty of perjury that he wished to plead guilty to committing a lewd act upon Heather O., who was under the age of fourteen at the time, for the purpose of sexual arousal. (Lodgment 2 at 37.) Moreover, Petitioner stated on the plea form, which he signed under penalty of perjury, that he "committed a lewd act upon Heather O., who at the time was under the age of 14 years, for the purpose of sexual arousal." (Lodgment 1 at 67.) Petitioner has not shown the presence of any special circumstances. Accordingly, the state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law.[3] <u>Williams</u>, 529 U.S. at 412-13.

2. **Errors Regarding Restitution**

With regard to the $10,000 restitution fine, Petitioner argues that he did not enter his plea knowingly because he did not have fair notice of the fine, and he argues that the fine violates double jeopardy. Respondent contends that the state court properly rejected this claim. The state appellate court provided the last reasoned decision

---

[3] To the extent Petitioner alleges a violation of California Penal Code § 1192.5, federal habeas relief is not available for any alleged error in the interpretation or application of state law. <u>See</u> 28 U.S.C. § 2254(a); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (in evaluating habeas petition, federal court limited to deciding whether conviction violated the Constitution, laws, or treaties of the United States).

rejecting this claim in denying Petitioner's habeas petition:

> Next Smith claims he did not know restitution fines totaling $10,000.00 would be imposed. The record belies that claim. Smith acknowledged on the change of plea form that a restitution fine of $10,000.00 could be imposed and the probation report recommended a fine in that amount.

(Lodgment 10 at 2.)

Regarding Petitioner's claim that he did not receive notice of the restitution fine, the guilty plea form, which he signed under penalty of perjury, notified Petitioner that by pleading guilty he could receive the maximum punishment of 25 years to life and a $10,000 fine. (Lodgment 1 at 66.) Accordingly, the record supports the conclusion that Petitioner was aware of the $10,000 fine when he pleaded guilty. Therefore, the state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law.

To the extent Petitioner argues that imposition of the restitution fine violated the Double Jeopardy Clause, that clause is not implicated here. The Double Jeopardy Clause prevents the government from prosecuting a defendant twice for the same offense. U.S. Const. Amend. V. Here, however, the prison sentence and restitution fine were imposed during the single prosecution of Petitioner for this offense.[4]

### 3.    Admission of Evidence of Prior Conviction

Next, Petitioner challenges the trial court's admission of his prior molestation conviction. According to Petitioner, the admission of the evidence violated his Sixth Amendment right to a fair trial. Respondent, however, argues that Petitioner waived any challenge to the evidentiary ruling by pleading guilty, and even if he could challenge the ruling, the admission of the evidence did not violate Petitioner's constitutional rights. Moreover, Respondent contends that, because the Supreme Court has never explicitly held that admission of prior acts evidence violates due process, the state court's resolution of the this claim was not contrary to, or an unreasonable

---

[4] Petitioner's citation to cases addressing whether a subsequent civil penalty violated the Double Jeopardy Clause are inapposite.

application of, Supreme Court law.

The state appellate court provided the last reasoned decision denying this claim when it denied Petitioner's habeas petition.  That court cited California law and concluded: "By pleading guilty Smith admitted the crime and evidentiary error is not cognizable on appeal after a guilty or nolo contendere plea with the exception of evidence involving a search or seizure previously challenged under Penal Code section 1538.5." (Lodgment 10 at 1.)

Petitioner waived this claim of evidentiary error.  "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollet v. Henderson, 411 U.S. 258, 267 (1973).  As the Ninth Circuit recently explained, the holding in Tollet is not a simple issue of waiver of the right to appeal, but is based upon the determination that a counseled guilty plea is an admission of factual guilt so reliable that it validly removes the issue of factual guilt from the case.  United States v. Castillo, 464 F.3d 988, 989-90 (9th Cir. 2006).  Accordingly, a defendant who pleads guilty may only attack the voluntary and intelligent character of the guilty plea by showing that he received ineffective assistance of counsel.  Id.  As discussed above, Petitioner has not shown that, as a result of ineffective assistance of counsel, his guilty plea was not voluntary and intelligent.

Moreover, even if Petitioner could attack the evidentiary ruling, he has not established that the state court's denial of this claim was contrary to, or an unreasonable application of, clearly established Supreme Court law.  The Supreme Court has never expressly held that admission of evidence of other crimes for the purpose of showing propensity to commit a charged crime violates due process, or that it violates due process to admit evidence of other crimes for other purposes with a limiting instruction.  See, e.g, Estelle, 502 U.S. at 70 (expressly refusing to rule on this issue); Garceau v. Woodford, 275 F.3d 769, 775-76 (9th Cir. 2001) (noting that

1  Supreme Court has never ruled on the question), rev'd on other grounds, 538 U.S. 202

2  (2003).  Accordingly, the Court cannot conclude that the state court's denial of this

3  claim was objectively unreasonable under AEDPA.  See, e.g., Earp v. Ornoski, 431

4  F.3d 1158, 1185 (9th Cir. 2005) (acknowledging that the court would possible reach

5  a different result on direct review, because Supreme Court had not spoken to the issue,

6  the state court's determination was neither contrary to, nor an unreasonable application

7  of, established law).

8          **4.      Errors Relating to Motion to Withdraw Guilty Plea**

9          Next, Petitioner argues that the state court violated his constitutional rights by

10  appointing substitute counsel to investigate the viability of a motion to withdraw

11  Petitioner's guilty plea.  In response, Respondent contends that Petitioner has not

12  established that the state court's denial of this claim conflicts with clearly established

13  Supreme Court law.

14          On September 5, 2002, during a break in voir dire, Petitioner pleaded guilty to

15  one count of lewd and lascivious conduct and admitted he had sustained the two prior

16  strike convictions in 1987, one for committing a lewd act on a child under age fourteen,

17  and one for committing a lewd act on a child under age fourteen with force.

18  (Lodgment 1 at 65.)  The victim in the 1987 offenses was the daughter of one of

19  Petitioner's prior girlfriends.  (Id. at 80.)  In exchange, the prosecutor dismissed the

20  remaining charges and allegations.  (Id. at 65.)

21          In a letter to the trial court, postmarked October 15, 2002, Petitioner requested

22  to withdraw his guilty plea because: (1) he was under the influence of psychiatric

23  medication at the time of the plea; (2) his plea was "coerced" by trial counsel's

24  comments that he would lose at trial and be subject to an extremely long sentence; (3)

25  trial counsel told Petitioner that he could not fire his trial counsel; and (4) trial counsel

26  lived next door to, and had a close relationship with, the investigator that interviewed

27  the victim.  (Lodgment 1 at 69-70.)

28          On October 28, 2002, the date previously scheduled for sentencing, the trial

1   court informed Petitioner that, in light of his letter to the court, the court would appoint

2   an attorney to represent Petitioner with regard to a motion to withdraw his guilty plea.

3   (Lodgment 2 at 40.)  The Court appointed attorney Robert James to determine if there

4   was any valid basis for a motion to withdraw Petitioner's guilty plea.  (Id. at 40-42;

5   Lodgment 1 at 108.)  On November 5, 2002, Petitioner informed the trial court that he

6   had fired his trial counsel, Mr. Wolfe.  (Lodgment 2 at 44.)  Petitioner also requested

7   a copy of the discovery in the case, but the court told Petitioner that he was not

8   representing himself, that attorney James was now representing him, and that James

9   would get a copy of the discovery.  (Id. at 47-48.)  After Petitioner responded "Okay,"

10  James indicated that he would pass appropriate materials to Petitioner.  (Id. at 48.)

11       The court held another hearing on December 30, 2002 during which it indicated

12  that James had filed two documents with the court: a two page document that would

13  be a part of the public record and a ten page sealed document that contained attorney-

14  client privileged information.  (Lodgment 1 at 84-85 (two page document); Pet'r's

15  Traverse, Ex. AA (ten page report); Lodgment 2 at 61-62.)  The court stated that, in

16  James' "legal judgment there's no colorable basis to bring the motion [to withdraw the

17  plea], which would mean that Mr. Smith would be in a position to either find another

18  legal reason not to pronounce sentence or to represent himself and still bring the

19  motion" on his own or with counsel.  (Lodgment 2 at 62.)  The court then asked James

20  if he would be willing to represent Petitioner at sentencing.  (Id.)  James responded in

21  the affirmative, and Smith agreed to have James represent him for sentencing purposes.

22  (Id. at 62-63.)  The trial court then sentenced Petitioner according to the stipulated

23  sentence without objection.  (Id. at 63-65.)

24       The state appellate court provided the last reasoned decision addressing

25  Petitioner's claim when it denied his state habeas petition:

26

27       In October 2002 [Petitioner] indicated to the court that he wanted
         to relieve retained trial counsel, William Wolfe, and to withdraw his plea.
         The court relieved Wolfe on November 5, 2002, and appointed attorney
28       Robert L. James.  At a hearing on December 30, 2002, James reported that
         after investigation he determined there was no basis to withdraw

1
2
3

> [Petitioner's] guilty plea.   [Petitioner] now claims that was a "bogus resolution of the motion to withdraw the plea."  However Scott never objected to James's conclusion and agreed to proceed to sentencing. Because the above contentions are without merit, [Petitioner's] claim appellate counsel was ineffective also fails.

4

(Lodgment 10 at 2.)

5

Petitioner has not cited, and the Court has not located, any Supreme Court

6

authority requiring that a state court appoint an attorney when a defendant moves to

7

withdraw a guilty plea.  Nevertheless, a criminal defendant has a Sixth Amendment

8

right to counsel at every critical stage of the proceedings.  See, e.g., Mempa v. Ray, 389

9

U.S 128, 135 (1967).  To be competent, counsel must be free from conflicts of interest

10

that adversely affect his performance.  See, e.g., Cuyler v. Sullivan, 446 U.S. 335, 350

11

(1980).  Requiring an attorney to argue that a court should permit a defendant to

12

withdraw a guilty plea because of counsel's own ineffectiveness could constitute a

13

violation of the defendant's Sixth Amendment right to competent, conflict free counsel.

14

See, e.g., United States v. Del Muro, 87 F.3d 1078, 1080-81 (9th Cir. 1996).

15

Moreover, when a court is aware that an actual or potential conflict exists, the Sixth

16

Amendment requires the court to either appoint separate counsel or to take adequate

17

steps to determine whether the risk is too remote to require separate counsel.  See, e.g.,

18

Campbell v. Rice, 408 F.3d 1166, 1170 (9th Cir. 2005) (citing Holloway v. Arkansas,

19

435 U.S. 475, 484 (1978)).

20

Here, the procedure employed by the state court was in compliance with these

21

requirements and was not contrary to any existing Supreme Court precedent.  When the

22

court received Petitioner's letter indicating that he was coerced into pleading guilty by

23

his attorney and that his attorney had rendered ineffective assistance, the state trial

24

court appointed substitute counsel to investigate the viability of a motion to withdraw

25

the guilty plea.  The substitute attorney's investigation led him to conclude that there

26

was no basis for such a motion.  Petitioner has not provided the Court with any

27

evidence establishing that this decision was unreasonable or that he was prejudiced by

28

any alleged error by the substitute attorney.  Rather, Petitioner simply disagrees with

1  the substitute attorney's assessment, which is insufficient grounds for this Court to

2  overturn Petitioner's guilty plea.  Moreover, Petitioner has not directed this Court to

3  any authority that conflicts with the California appellate court's rejection of this claim.

4  In sum, the state court's denial of this claim was neither contrary to, nor an

5  unreasonable application of, clearly established Supreme Court law.  <u>Williams</u>, 529

6  U.S. at 412-13.

7  **C.    Ineffective Assistance of Appellate Counsel**

8      Finally, Petitioner argues that his appellate counsel rendered ineffective

9  assistance of counsel.  First, Petitioner argues that appellate counsel rendered

10  ineffective assistance because he failed to argue that trial counsel was ineffective.

11  Additionally, Petitioner argues ineffective assistance of appellate counsel on several

12  other grounds: (1) counsel failed to challenge the trial court's admission of the 1987

13  conviction pursuant to California Evidence Code § 1108; (2) counsel failed to

14  challenge the method by which the trial court resolved Petitioner's attempt to withdraw

15  his guilty plea; (3) counsel failed to argue that Petitioner's guilty plea was not entered

16  intelligently and knowingly; and (4) counsel failed to argue that the factual basis for

17  the guilty plea was insufficient.

18      Petitioner raised these claims in a habeas petition before the California Supreme

19  Court, but the court denied them without citation to authority.  (Lodgment 11, 12.)

20  Therefore, this Court must look through to the California appellate court's opinion.

21  <u>See</u> <u>Ylst</u>, 501 U.S. at 801-06.  That court determined that, because Petitioner had

22  pleaded guilty, his claim that his appellate counsel should have challenged the trial

23  court's evidentiary ruling permitting introduction of the prior molestation conviction

24  was not cognizable on appeal, citing <u>People v. Jones</u>, 10 Cal. 4th 1102, 1106 (1995).

25  (Lodgment 10 at 1-2.)  Further, the appellate court determined that, because none of

26  Petitioner's claims regarding his trial counsel's alleged errors were meritorious,

27  appellate counsel was not ineffective in failing to raise them on appeal.  (<u>Id.</u> at 2.)

28      Ineffective assistance of appellate counsel claims are governed by <u>Strickland</u>.

1   See Smith v. Robbins, 528 U.S. 259, 285 (2000) (citing Smith v. Murray, 477 U.S. 527,

2   535-36 (1986)).  A petitioner must first show that his appellate counsel's performance

3   fell below an objective standard or reasonableness.  Strickland, 466 U.S. at 688.  Then,

4   a petitioner must establish that he suffered prejudice because of appellate counsel's

5   errors.  Id. at 694.  To show prejudice, a petitioner must demonstrate that he would

6   have prevailed on appeal absent counsel's errors.  Smith, 528 U.S. at 285.

7          The California appellate court did not cite either Strickland or Smith, but the

8   court's decision denying Petitioner's claims is not contrary to established Supreme

9   Court law.  See Early, 537 U.S. at 8 ("[S]o long as neither the reasoning nor the result

10  of the state-court decision contradicts" Supreme Court precedent, the result is not

11  contrary to clearly established federal law.).  The state court's denial of Petitioner's

12  ineffective assistance of appellate counsel claims was also not an unreasonable

13  application of the Strickland/Smith standard.  Regarding appellate counsel's failure to

14  raise ineffective assistance of trial counsel, this Court has already determined that trial

15  counsel was not ineffective under Strickland.  Therefore, Petitioner has not shown that

16  appellate counsel acted unreasonably in failing to raise those claims, or that Petitioner

17  would have prevailed had appellate counsel raised them.  As to Petitioner's remaining

18  claims regarding ineffective assistance of appellate counsel, those claims fail as

19  described below.

20         **1.     Failure to Challenge Admission of 1987 Conviction**

21         Petitioner argues that appellate counsel should have challenged the admission

22  of his 1987 sexual misconduct conviction, which the trial court admitted under

23  California Evidence Code § 1108.  The California appellate court provided the last

24  reasoned state court decision.  Citing People v. Jones, 10 Cal. 4th 1102, 1106 (1995),

25  that court stated: "By pleading guilty Smith admitted the crime and evidentiary error

26  is not cognizable on appeal after a guilty or nolo contendere plea with the exception of

27  evidence involving a search or seizure previously challenged under Penal Code section

28  1538.5." (Lodgment 10 at 1.)  Given that this is an accurate statement of California

1   law, appellate counsel did not have a basis upon which to challenge the trial court's

2   evidentiary ruling.  Therefore, Petitioner has not established that appellate counsel

3   acted unreasonably or that Petitioner would have prevailed on appeal had counsel

4   raised this argument. See Strickland, 466 U.S. at 688; Smith, 528 U.S. at 285.  In short,

5   the state court's denial of this claim was neither contrary to, nor an unreasonable

6   application of, established Supreme Court law.

7       **2.     Failure to Challenge the Procedure Used by the Trial Court to Resolve**

8           **Petitioner's Attempt to Withdraw His Guilty Plea**

9       Next, Petitioner asserts that appellate counsel should have challenged the

10  procedure that the trial court used to resolve Petitioner's attempt to withdraw his guilty

11  plea.  Petitioner argues that the trial court's appointment of attorney Robert James to

12  investigate whether Petitioner had a valid basis upon which to challenge his guilty plea

13  without asking Petitioner whether he wanted an attorney appointed or whether he

14  wanted to represent himself violated Petitioner's due process rights.  Further, Petitioner

15  claims that, once James was appointed, he did not function as counsel to Petitioner, but

16  in a quasi-judicial capacity.

17      The state appellate court provided the last reasoned decision denying this claim:

18

19          In October 2002 [Petitioner] indicated to the court that he wanted
        to relieve retained trial counsel, William Wolfe, and to withdraw his plea.
20      The court relieved Wolfe on November 5, 2002, and appointed attorney
        Robert L. James.  At a hearing on December 30, 2002, James reported that
21      after investigation he determined there was no basis to withdraw
        [Petitioner's] guilty plea.  [Petitioner] now claims that was a "bogus
22      resolution of the motion to withdraw the plea."  However Scott never
        objected to James's conclusion and agreed to proceed to sentencing.
23      Because the above contentions are without merit, [Petitioner's] claim
        appellate counsel was ineffective also fails.

24  (Lodgment 10 at 2.)

25      As described above, the procedure used by the trial court was in compliance with

26  relevant legal requirements.  Accordingly, appellate counsel's failure to raise this

27  ground on appeal was not ineffective assistance, and Petitioner has not established any

28  prejudice from appellate counsel's decision.  The state appellate court's decision

denying this claim was not contrary to, or an unreasonable application of, relevant Supreme Court precedent.

### 3. Failure to Challenge Petitioner's Guilty Plea on the Ground that He Did Not Enter the Plea Knowingly and Intelligently

Petitioner argues that appellate counsel provided ineffective assistance because he failed to argue that Petitioner did not enter his guilty plea knowingly and intelligently. The last reasoned state court decision addressing this claim is the state appellate court's opinion denying Petitioner's habeas corpus petition. That court reasoned that, because the reporter's transcript of the proceedings reflected that Petitioner understood the proceedings and that he "had enough time to talk about this with various parties and make [his] own decision as to what is the right thing to do," there was no basis upon which the appellate attorney could have argued that Petitioner did not enter the plea knowingly and intelligently. (Lodgment 10 at 2.)

A guilty plea is knowing, voluntary, and intelligent if it represents "'a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). Voluntariness is a question of law and must be demonstrated by tangible evidence in the record, considering the totality of the circumstances surrounding the plea. Marshall v. Lonberger, 459 U.S. 422, 431-32 (1983); Brady v. United States, 397 U.S. 742, 749 (1970). Historical facts supporting a determination of voluntariness, however, are questions of fact. Marshall, 459 U.S. at 431-32. Under 28 U.S.C. § 2254(e)(1), factual findings made by a state court are presumed correct, but they may be rebutted by clear and convincing evidence. A court reviewing the voluntariness of a guilty plea is entitled to give great weight to in court declarations made by a defendant. "The representations of the defendant, his lawyer, and the prosecutor at a [guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity.

The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." <u>Blackledge v. Allen</u>, 431 U.S. 63, 73-74 (1977).

Here, the evidence in the record provides strong support for the state court's conclusion that Petitioner decision to plead guilty was knowing, voluntary, and intelligent.  Petitioner initialed and signed the plea form, which stated that he was entering the guilty plea "freely and voluntarily, without fear or threat to me or anyone closely related to me." (Lodgment 1 at 65.)  Further, he stated on the form that he understood that he was giving up his rights to a speedy and public trial, to confront and cross examine witnesses against him, to remain silent, and to present evidence on his behalf. (<u>Id.</u>) Petitioner stated under penalty of perjury that he "committed a lewd act upon Heather O. who at the time was under the age of 14 years, for the purpose of sexual arousal." (<u>Id.</u> at 67.)  Moreover, in open court, Petitioner stated under penalty of perjury that he was in full possession of his mental abilities, he understood everything in the form, his answers were true and correct, he understood and gave up his constitutional rights, and he was pleading guilty to count one (lewd act upon a child under fourteen years old) and admitting two "strike" priors. (Lodgment 2 at 34-37.) Petitioner's post guilty plea statements alleging coercion do not rebut the state court's reasonable factual findings.  Therefore, Petitioner has not established the his appellate counsel's decision not to challenge the voluntariness of the guilty plea on the ground that it was not entered knowingly or intelligently was unreasonable.  Similarly, Petitioner has not established that he would have prevailed on appeal if not for appellate counsel's alleged error. <u>Strickland</u>, 466 U.S. at 688-97; <u>Smith</u>, 528 U.S. at 285.

### 4.    Failure to Argue Insufficient Factual Basis for Guilty Plea

Finally, Petitioner argues that his appellate counsel should have argued that his guilty plea was invalid because it lacked a sufficient factual basis.  The state appellate court provided the last reasoned decision addressing this claim.  That court denied the

claim on direct appeal.  The court explained:

> Smith contends there is an inadequate factual basis for the guilty plea.  Referring to entry of a guilty plea, Penal Code section 1192.5 provides in part:
>
>> "The courts shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea"
>
> The purpose of the factual basis requirement for acceptance of a guilty plea is explained in *People v. Watts* (1977) 67 Cal.App.3d 173, 178:
>
>> "The purpose of the requirement is to protect against the situation where the defendant, although he realizes what he has done, is not sufficiently skilled in law to recognize that his acts do not constitute the offense with which he is charged.  [Citation.]  Inquiry into the factual basis for the plea ensures that the defendant actually committed a crime at least as serious as the one to which he is willing to plead.  'In addition, these inquiries provide a more adequate record of the conviction process; this record minimizes the chances of a defendant successfully challenging his conviction later [citation], and also aids correctional agencies in the performance of their functions.  Finally, increased knowledge about the circumstances of the defendant's offense provides the court with a better assessment of defendant's competency, his willingness to plead guilty, and his understanding of the charges against him.'  [Citation.]"
>
> Here, in his plea bargain form, Smith said he "committed a lewd act upon [the victim] who at the time was under the age of 14 years, for the purpose of sexual arousal."  This is a sufficient factual basis supporting the guilty plea.

Under California law, a guilty plea is invalid unless supported by a sufficient factual basis.  As the California Supreme Court has explained:

> [T]he trial court must garner information regarding the factual basis either from the defendant or defense counsel.  If the trial court examines the defendant regarding the factual basis for the plea, the court may have the defendant describe the conduct that gave rise to the charge (*Watts, supra*, 67 Cal.App.3d at p. 179, 136 Cal.Rptr. 496), or may question the defendant regarding the detailed factual basis described in the complaint or written plea agreement.  (*Montoya-Camacho, supra*, 644 F.2d at p. 487.)  If the trial court inquires of defense counsel regarding the factual basis, counsel may stipulate to a particular document that provides an adequate factual basis, such as a complaint, police report, preliminary hearing transcript, probation report, grand jury transcript, or written plea agreement.  (*Wilkerson, supra*, 6 Cal.App.4th at pp. 1576-1579, 8 Cal.Rptr.2d 392.)

1  People v. Holmes, 32 Cal. 4th 432, 442 (2005).

2  Here, the trial court did not ask Petitioner what formed the factual basis for his
3  plea, but asked defense counsel whether there was a factual basis, to which counsel
4  responded that there was.  (Lodgment 2 at 37.)  In Holmes, the California Supreme
5  Court noted that, when accepting a stipulation from counsel as to a factual basis, the
6  better approach is for the stipulation to reference a particular document, such as a
7  police report or probation report.  Id. at 442, n.8.  Nevertheless, the Holmes court
8  concluded that a trial court retains "wide discretion in determining whether a factual
9  basis exists for a guilty plea," and any error committed by a trial court will be deemed
10 harmless if the record supports a finding of a factual basis.  Id. at 443.

11 The record here provides ample support for a finding that a factual basis existed
12 for Petitioner's guilty plea.  Petitioner signed the guilty plea form in which he admitted
13 under penalty of perjury that, on the dates charged, he "committed a lewd act upon
14 Heather O. who at the time was under the age of 14 years, for the purpose of sexual
15 arousal."  (Lodgment 1 at 67.)  This is sufficient to provide a factual basis under
16 California law.  Accordingly, Petitioner has not shown that appellate counsel acted
17 unreasonably in failing to raise this claim on appeal.  See Strickland, 466 U.S. at 688-
18 89; Smith, 528 U.S. at 285.  Further, these statements would have rendered any error
19 harmless under Holmes.  Therefore, Petitioner has not established that he was
20 prejudiced by any alleged error of appellate counsel.  See Strickland, 466 U.S. at 694-
21 97; Smith, 528 U.S. at 285.  Accordingly, the state court's denial of this claim was
22 neither contrary to, nor an unreasonable application of, clearly established Supreme
23 Court law.  Williams, 529 U.S. at 412-13.

24 **Conclusion**

25 For the reasons stated above, and after carefully considering Petitioner's

26 / / /

27 / / /

28 / / /

1    objections, the Court **ADOPTS** the Report and Recommendation and **DENIES**

2    Petitioner's petition with prejudice.

3          IT IS SO ORDERED.

4

5    DATED:  July 10, 2007

6                                          _____
                                           MARILYN L. HUFF, District Judge
7                                          UNITED STATES DISTRICT COURT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22   Copies To:

23   Scott Wade Smith, pro se
     T-77006
24   Mule Creek State Prison
     P.O. Box 409040
25   Ione, CA 95640-9000

26   Lise S. Jacobsen
     Deputy Attorney General
27   110 West A St., Suite 1100
     San Diego, CA 92101

28